UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HORACIO GARCIA COVARRUBIAS, | Case No. 2:25-cv-02445-RFB-DJA |
| Petitioner, | ORDER |
| v. | |
| LEANDER HOLSTON, *et al.*, | |
| Respondents. | |

Before the Court is Petitioner Horacio Garcia Covarrubias's Amended Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention at Nevada Southern Detention Center in the custody of the Federal Respondents. For the following reasons, the Court grants the Petition.

I.   **INTRODUCTION**

This case is one of a rapidly growing number before this Court challenging the federal government's reading of the Immigration and Nationality Act (INA) to authorize mandatory detention of all noncitizens charged with entering the United States without inspection.[1] The executive branch now takes the position that the INA, specifically 8 U.S.C. § 1225(b)(2)(A), requires the detention of all undocumented individuals during the pendency of their removal proceedings, which can take months or years. According to this interpretation, detention without a hearing is mandatory, no matter how long a noncitizen has resided in the country, and without any due process to ensure the government has a legitimate, individualized interest in detaining them.

---

[1] This Court has already granted petitioners relief—both preliminary and on the merits—in dozens of similar challenges. See Livia Vicharra v. Henkey, No. 2:25-cv-02336-RFB-EJY, 2025 WL 3564725, at *1 n.1 (D. Nev. Dec. 12, 2025) (collecting cases).

According to a leaked internal memo, the Department of Homeland Security (DHS), in conjunction with the Department of Justice (DOJ) adopted this new legal position on a nationwide basis on July 8, 2025.[2] It subjects millions of undocumented U.S. residents to prolonged detention without the opportunity for release on bond, in contravention of decades of agency practice and robust due process protections hitherto afforded to such residents under 8 U.S.C. § 1226(a).[3] On September 5, 2025, the Bureau of Immigration Appeals (BIA) issued a precedential decision adopting this new interpretation of the government's detention authority under the INA. See Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) ("Hurtado"). After Hurtado, immigration judges no longer have authority to hear bond requests or grant bond to noncitizens present in the U.S. who entered without inspection. Id.

The overwhelming majority of district courts across the country, including this Court, that have considered the government's new statutory interpretation have found it incorrect and unlawful. See Escobar Salgado v. Mattos, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025) (finding "that the plain meaning of the relevant statutory provisions, when interpreted according to fundamental canons of statutory construction," as well as the legislative history and decades of consistent agency practice establish "that the government's new interpretation and policy under [§ 1225(b)(2)(A)] is unlawful."); see also Barco Mercado v. Francis, No. 1:25-CV-06852, at *9-10 (S.D.N.Y. Nov. 26, 2025) (collecting over 350 decisions by over 160 different district judges finding the application of §1225(b)(2)(A) to noncitizens residing in the United States unlawful). A nationwide class has also been certified, become final, and granted declaratory relief to all class members, holding that they are being detained without a bond hearing unlawfully. See Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025); Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025); Bautista v. Santacruz, No. 5:25-CV-01873-

---

[2] See ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission, AILA Doc. No. 25071607 (July 8, 2025), https://perma.cc/5GKM-JYGX.

[3] See Kyle Cheney & Myah Ward, Trump's new detention policy targets millions of immigrants. Judges keep saying its illegal., Politico (Sept. 20, 2025 at 4:00 p.m. EDT), https://www.politico.com/news/2025/09/20/ice-detention-immigration-policy-00573850, https://perma.cc/L686-E97L.

SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

Petitioner is currently detained without the opportunity for release on bond in the custody of Federal Respondents at Nevada Southern Detention Center, pursuant to this new detention "policy." He asserts the application of § 1225(b)(2) to him is unlawful under the INA, and that § 1226(a) properly governs his detention, also citing to the final judgment and class certification in Bautista. See 2025 WL 3713987.

For the reasons set forth below, the Court finds that Petitioner's detention is unlawful under the INA.[4] The Court thus orders his immediate release on bond, with the conditions set forth by the immigration judge in her December 9, 2025, custody redetermination order. See ECF No. 10-5.

## II.   BACKGROUND

### A. Petitioner Horacio Garcia Covarrubias

The Court makes the following findings of fact relevant to Petitioner Garcia Covarrubias. Petitioner is a 42-year old native and citizen of Mexico, who has been living in the United States for over twenty-seven years, since he entered without inspection in or around October 1998. See ECF No. 3 at 6. On September 10, 2025, Petitioner was detained by ICE in Las Vegas, Nevada, and has been in ICE custody at NSDC, in Pahrump, Nevada, ever since. See id. Upon detaining Petitioner, DHS initiated removal proceedings against him through the issuance of a Notice to Appear (NTA), charging Petitioner, *inter alia*, as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). See ECF No. 10-1.

Petitioner requested a custody redetermination (bond) hearing before the immigration court, and on December 9, 2025, Immigration Judge Lindsy Roberts denied Petitioner release on

---

[4] Outside of the Court's own analysis, the Court also recognizes that Petitioner is a member of the class certified in Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), and that the District Court's Order in Bautista has become final since the IJ's December 9, 2025 order in the instant case, extending declaratory relief to the class. See Bautista, 2025 WL 3713987, at *32; see also ECF No. 10-5.

bond for lack of jurisdiction under Hurtado,[5] holding in the alternative that if Hurtado did not deprive the immigration court of jurisdiction, she would have granted Petitioner release on bond in the amount of $2,500 plus alternatives to detention at the discretion of DHS. See ECF No. 10-5.

Mr. Garcia Covarrubias is married, has three U.S. citizen children, and prior to his detention, he was living long-term in Las Vegas, Nevada. See ECF No. 3 at 6. His criminal record is limited to two, driving-related misdemeanor convictions. See ECF No. 10-3.

### B. Legal Background

The Court fully incorporates by reference the legal background regarding the government's detention authority and removal proceedings under the INA, as well as the government's new statutory reading and mass detention "policy," set forth in its ruling in Escobar Salgado. 2025 WL 3205356, at *2-6.

### III. PROCEDURAL HISTORY

On December 9, 2025, Petitioner filed his 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus against Respondents, challenging his detention at NSDC. See ECF No. 1. On December 16, 2025, the Court ordered Petitioner to clarify the additional or alternative relief sought and submit an amended, *verified* petition by December 19, 2025.[6] See ECF No. 5. Petitioner filed his Amended Petition and Exhibit on December 20, 2025. See ECF Nos. 3-4.

On December 22, 2025, this Court ordered Respondents to show cause, pursuant to 28 U.S.C. § 2243, by December 29, 2025, why the Court should not grant the Petition. See ECF No. 5. Counsel for Respondents filed a notice of appearance that same day. See ECF No. 6. The day

---

[5] IJ Roberts also stated, in her reasoning for finding no jurisdiction pursuant to Hurtado, that, at the time of her order (December 9, 2025), "the District Court's order in Maldonado Bautista v. Santacruz et al. is not final and declaratory judgment has not been extended to the class." ECF No. 10-5 (cleaned up).

[6] At the time of this Court's minute order, clarification was necessary as the original petition asked this Court only to enforce the district court's order in Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), and there were then-pending motions for reconsideration and clarification filed by class counsel that have since been resolved by Judge Sykes. See Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).

after their Return deadline, on December 30, 2025, Respondents' counsel sought an extension of time to respond to the show cause order, which the Court granted in part, and on January 2, 2026, Respondents filed their Return, arguing for the Petition's denial. See ECF Nos. 8-10.

The Court's Order follows.

### IV.   LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." Carafas v. LaVallee, 391 U.S. 234, 238 (1968). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001); see also Demore v. Kim, 538 U.S. 510, 517 (2003); Trump v. J. G. G., 604 U.S. 670, 672 (2025) (describing immigration detainees' challenge to their confinement and removal as falling "within the 'core' of the writ of habeas corpus.") (*per curiam*) (citations omitted). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." Yong v. I.N.S., 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

### V.   DISCUSSION

**A. Jurisdiction**

As an initial matter, the Court has habeas jurisdiction to review Petitioner's challenge to the lawfulness of his detention, because the relevant jurisdiction stripping provisions of the INA, 8 U.S.C. § 1252 do not apply. See Escobar Salgado, 2025 WL 3205356, at *8-10; Hernandez Duran v. Bernacke, 2:25-cv-2105-RFB-EJY, 2025 WL 3237451, at *4 (Nov. 19, 2025). In evaluating the jurisdiction stripping provisions of the INA, the Court is guided "by the general rule to resolve any ambiguities in a jurisdiction-stripping statue in favor of the narrower interpretation and by the strong presumption in favor of judicial review." Arce v. United States, 899 F. F.3d 796, 801 (9th Cir. 2018) (*per curiam*) (internal quotations and citations omitted).

### B. Lawfulness of Petitioner's Detention under the INA

Petitioner challenges the government's new interpretation of the INA, and his detention thereunder, as unlawful. Petitioner argues this interpretation of the statutory scheme of §§ 1225 and 1226 is flawed and contradicts both the statutory framework and the decades of agency practice applying § 1226(a) to people like Petitioner. This Court agrees with Petitioner and fully incorporates by reference its holding and findings in Escobar Salgado v. Mattos. See 2025 WL 3205356, at *10-22.

Petitioner entered the United States without inspection in 1998 then *decades later*, was arrested and detained by ICE in Las Vegas, Nevada, far from any port of entry. Accordingly, the Court finds Petitioner is subject to detention under § 1226(a) and its implementing regulations, not § 1225(b)(2)(A), and that the government's new interpretation and policy under that provision is unlawful. See Escobar Salgado, 2025 WL 3205356, at *10-22.

### C. Scope of Relief

The federal habeas corpus statute "does not limit the relief that may be granted to discharge of the applicant from physical custody." Carafas v. LaVallee, 391 U.S. 234, 238 (1968). "Its mandate is broad with respect to the relief that may be granted." Id. "It provides that '[t]he court shall ... dispose of the matter as law and justice require.'" Id. (quoting 28 U.S.C. § 2243). The Court finds that the specific harm suffered by Petitioner, continued detention pursuant to the government's unlawful policy and incorrect statutory interpretation after he established that continued detention was not warranted before the Las Vegas Immigration Court, is remedied by

ordering his immediate release, subject to the bond conditions originally imposed by the IJ in the alternative.

### D. Attorneys' Fees

The Court defers on ruling on the matter of attorneys' fees and costs. Should Petitioner's counsel wish to pursue a claim for attorneys' fees and costs under the Equal Access to Justice Act (EAJA), they are instructed to file a separate motion on the issue in accordance with LR 54-14.

### VI. CONCLUSION

Based on the foregoing, and on the record and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Horacio Garcia Covarrubias's Amended Petition for Writ of Habeas Corpus is **GRANTED**.

Respondents are **ORDERED** to release Petitioner from custody by **11:00 a.m. on January 6, 2026.** Petitioner shall be subject to the bond and other conditions imposed by the IJ.

**IT IS FURTHER ORDERED** that Respondents are enjoined from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). Thus, the Court **ORDERS** that Respondents are enjoined from invoking the automatic stay to continue Petitioner's detention, as the Court has already found the automatic stay unconstitutional and adopts that finding here. See Herrera v. Knight, No. 2:25-CV-01366-RFB-DJA, 2025 WL 2581792, at *13 (D. Nev. Sept. 5, 2025).

**IT IS FURTHER ORDERED** that the parties shall file a joint notice of compliance with this Order by **January 7, 2026.**

The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond, and therefore, the Court **FURTHER ORDERS** that Petitioner be afforded until **February 20, 2026**, to satisfy any monetary bond conditions.

**DATED:** January 5, 2026.



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**